UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MASSOP,

    Plaintiff,

v.

NARANJO, et al.,

    Defendants.

Civil Action No. 23-3939 (MCA) (JRA)

MEMORANDUM & ORDER

This matter has been opened to the Court by Plaintiff's filing of a civil action and an application to proceed *in forma pauperis* ("IFP application"). (ECF Nos. 1, 1-1, 1-2.) At this time, the Court provisionally grants Plaintiff's IFP application (ECF No. 1-1) and directs the Clerk to file the Complaint.[1]

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999),

---

[1] The Court notes that Plaintiff's address on the docket is a private address, which suggests that Plaintiff is not incarcerated. The envelope containing Plaintiff's Complaint, however, appears to have been mailed from Hudson County Correctional Center. Therefore, the Court assumes that Plaintiff was incarcerated when he submitted the Complaint for filing. Based on his address listed on the docket and the allegations in the Complaint, it is unclear whether Plaintiff is still incarcerated.

1

which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the pleading stage, the Court accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint alleges that on April 25, 2023, he was transported from Hudson County Correctional Center to Jersey City Medical Center for treatment of a leg injury he sustained at the jail. (Complaint at 5.) The doctor at the hospital performed an x-ray and told Plaintiff he "ripped [his] aquilles [sic]" and needed a cast. (*Id.* at 6.) While the doctor was putting on the cast, Defendant Officer Naranjo told the doctor that Plaintiff could not have a cast in jail because he needed to be shackled. (*Id.*) The doctor told Defendant Naranjo and Plaintiff that Plaintiff's leg would not heal correctly without a cast and he may need surgery later, but Naranjo stated that Plaintiff could get his leg fixed after he got out of jail. (*Id.*) The doctor cut off the cast and put an ace wrap on Plaintiff's leg and told him to keep it immobilized. (*Id.*)

When Plaintiff returned to the jail, he was placed in medical housing and told Dr. Smilecheck about the incident. (*Id.* at 7.) Dr. Smilecheck agreed that Naranjo "can't do that," but he declined to send Plaintiff back to the hospital because his injury "had already started to heal." He also told Plaintiff that he agreed with Naranjo that Plaintiff would "go home soon" and could "take care of it" when he was released from jail and get the surgery if his pain did not go away.

2

(*Id.*) Plaintiff alleges that his leg is "messed up" months later and he cannot bear weight on it. (*Id.*)

Plaintiff's Complaint alleges violations of his civil rights under 42 U.S.C. § 1983.[2] "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003) (citations omitted). As a pretrial detainee, Plaintiff's right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Id.* at 581. In order to state a claim for relief, Plaintiff must show a "(1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." *Id.* at 582 (cleaned up) "[D]eliberate indifference entails something more than mere negligence" and is a subjective standard that requires the official to both "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and to "also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). The Third Circuit has "found deliberate indifference in a variety of contexts including where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Pearson v. Prison Health Service*, 850 F.3d 526, 538 (3d Cir. 2017) (citing *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). To assess deliberate indifference, the Court must analyze each Defendant's "role in regard to [the Petitioner's] treatment at [HCCC]. *See id.*

---

[2] The Court does not construe Plaintiff to allege any state law claims.

The Court has reviewed the allegations in the Complaint under 28 U.S.C. § 1915(e)(2)(B) and proceeds a § 1983 claim for deliberate indifference against Officer Naranjo arising from his alleged interference in Plaintiff's medical care at the hospital. The Court, however, dismisses without prejudice the deliberate indifference claims against Dr. Smilecheck. Plaintiff alleges only that Dr. Smilecheck told him that he would not send Plaintiff back to the hospital because his leg was starting to heal and that Plaintiff would go home soon and could receive treatment at that time. From these sparse facts, it appears that Dr. Smilecheck made a medical judgment that Plaintiff did not immediately require a cast for his torn Achilles because it was healing and he would be released soon. Plaintiff also fails to provide facts to suggest that Dr. Smilecheck failed to examine him, had any role in his treatment after this interaction, or knew that Plaintiff's injury was not improving. For these reasons, Plaintiff fails to state a § 1983 claim for deliberate indifference to serious medical needs against Dr. Smilecheck, and this claim is dismissed with leave to amend.

At this time, Plaintiff may proceed on his § 1983 claim for deliberate indifference against Defendant Naranjo <u>or</u> submit an amended complaint within 30 days if he can provide facts to cure the deficiencies in his § 1983 claim for deliberate indifference against Defendant Smilecheck.[3]

**IT IS, THEREFORE,** on this ___ day of July 2025,

**ORDERED** that Plaintiff's IFP application pending at ECF No. 1-1 is GRANTED; the complaint shall be filed; and it is further

---

[3] If Plaintiff submits an Amended Complaint, he should reassert his § 1983 claims against Defendant Naranjo as well as attempt to cure the deficiencies in his claim against Defendant Smilecheck. In his amended complaint, Plaintiff is also free to clarify whether he is attempting to bring medical negligence claims against Defendant Smilecheck and provide facts supporting that type of claim.

4

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Administrator of Hudson County Correctional Center; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the § 1983 claim for deliberate indifference to serious medical needs shall **PROCEED** against Defendants Naranjo; it is further

**ORDERED** that the § 1983 claim for deliberate indifference to serious medical needs is dismissed WITHOUT PREJUDICE as to Defendant Smilecheck for failure to state a claim for relief under § 1915(e)(2)(B); it is further

**ORDERED** that, at this time, Plaintiff may either 1) elect to proceed on his claim against Defendant Naranjo in the original complaint or 2) submit an amended complaint within 30 days that attempts to cure the deficiencies in his deliberate indifference claim against Defendant Smilecheck and reasserts his deliberate indifference claims against Defendants Naranjo; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copies of the USM-285 forms for serving Defendant Naranjo; and it is further

**ORDERED** that if Plaintiff elects to proceed on his original complaint, he shall shall complete the USM-285 forms for Defendant Naranjo and return them to the Clerk of the Court within 30 days; and it is further

**ORDERED** that upon Plaintiff's sending of the completed USM-285 forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for docket management purposes until Plaintiff either returns the completed USM-285 forms for Defendant Naranjo or submits an amended complaint; and it is further

**ORDERED** that the Clerk of the Court shall send copies of this Memorandum & Order to Plaintiff at the address on file via regular mail.

_____
Madeline Cox Arleo
United States District Judge